UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKISHA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-386 AGF |
| ) | |
| MAURUNDA BURGESS[1], ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Lakisha Smith for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The Clerk has misspelled defendant's name on the Court docket. His first name is spelled as "Maurunda" rather than "Mauronda" in plaintiff's complaint. The Court will Order the Clerk to correct the spelling of defendant's name on the docket.

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff, Lakisha Smith, filed this action on March 28, 2023, by filing a form "Civil Complaint" naming Maurunda Burgess, a teacher and resident of St. Louis, Missouri, as a defendant in this action. It is unclear of the connection between plaintiff and defendant.

In the "Statement of Claim," section of the complaint plaintiff states the following[2]:

1. **What happened to you?** Con out of 22,000
2. **When did it happen?** 6/17/21
3. **Where did it happen?** St. Louis, Mo
4. **What injuries did you suffer?** Mental emotional stress
5. **What did each defendant personally do, or fail to do, to harm you**? Took my money from my minor child (17). Threaten my kids with DFS. Keep me from paying my bills and taking care of my children financially.

For relief in this action plaintiff states that she is seeking monetary damages for "pain and suffering," interest and "emotional distress."

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

---

[2]The questions listed on the Court-form are in bold.

Plaintiff's complaint fails to establish this Court's jurisdiction under either basis. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not exist here because both plaintiff and defendant appear to be citizens of the State of Missouri. Additionally, plaintiff indicates that the amount in controversy is $22,000, which is less than the required amount under the diversity statute.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. In her civil cover sheet plaintiff claims that she is seeking to collect a debt under 18 U.S.C. § 641, a criminal statute titled, "Public money, property or records." She claims that defendant "took my money from my minor child (17). [T]hreaten my kids with DFS. Keep me from paying my bills and taking care of my children financially."

Although plaintiff asserts that she is bringing her case under 18 U.S.C. § 641, this statute, titled "Public money, property or records," does not allow for a private right of action. *See Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) ("federal criminal statutes do not provide private causes of action") (unpublished opinion) and *Conn. Action Now, Inc. v. Roberts Plating Co.,* 457

F.2d 81, 86-87 (2d Cir.1972 ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints.")).

To the extent plaintiff is contesting a state-court custody decision regarding her children, such an action does not arise under the Constitution, laws, or treaties of the United States. Moreover, this Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are all are citizens of the same state. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of subject matter jurisdiction.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel in this action. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district

court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that she can adequately present her claims to the Court and neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall correct the spelling of defendant's name on the Court docket. His name in plaintiff's complaint is spelled: Maurunda Burgess.

**IT IS FURTHER ORDERED** that plaintiff will be required to show cause, **within twenty-one (21) days of the date of this Memorandum and Order**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the Court's Order, this action may be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF NO. 3] is **DENIED at this time**.

Dated this 12th day of April, 2023

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE