UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKISHA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-386 AGF |
| ) | |
| MAURUNDA BURGESS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. After reviewing the response, and for the reasons discussed below, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

### Background

Plaintiff, Lakisha Smith, filed this action on March 28, 2023, by filing a form "Civil Complaint" naming Maurunda Burgess, a teacher and resident of St. Louis, Missouri, as a defendant in this action. Plaintiff failed to articulate the purported connection between she and defendant in her complaint.

In the "Statement of Claim," section of the complaint plaintiff stated the following[1]:

1. **What happened to you?** Con out of 22,000
2. **When did it happen?** 6/17/21
3. **Where did it happen?** St. Louis, Mo
4. **What injuries did you suffer?** Mental emotional stress
5. **What did each defendant personally do, or fail to do, to harm you**? Took my money from my minor child (17). Threaten my kids with DFS. Keep me from paying my bills and taking care of my children financially.

---

[1] The questions listed on the Court-form are in bold.

For relief in this action plaintiff stated that she was seeking monetary damages for "pain and suffering," interest and "emotional distress."

Because plaintiff's complaint appeared to lack a basis for this Court's subject matter jurisdiction, on April 12, 2023, the Court directed plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. [ECF No. 4]. Plaintiff filed a response to the Court's Order on May 30, 2023. [ECF No. 7].

### Plaintiff's Response to the Order to Show Cause

In her response to the Order to Show Cause, plaintiff states:

> My case should proceed due to the criminal action that has happened and that the law states I can sue for my money and punitive damages. My mail wasn't getting delivered to me. I got it fixed and I want to proceed.

[ECF No. 7].

Plaintiff has not provided any additional arguments as to why she believes this Court has subject matter jurisdiction over her action.

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treatises of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). To satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Diversity jurisdiction does not exist here because both plaintiff and defendant appear to be citizens of the State of Missouri. Additionally, plaintiff indicates that the amount in controversy is $22,000, which is less than the required amount under the diversity statute. Nothing in plaintiff's show cause response argues for, or provides proof of, damages in excess of $75,000. Therefore, the Court does not have jurisdiction to hear this case based on diversity under 28 U.S.C. § 1332. As a result, this Court lacks diversity jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

*Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. In her civil cover sheet plaintiff claims that she is seeking to collect a debt under 18 U.S.C. § 641, a criminal statute titled, "Public money, property or records." She claims that defendant "took my money from my minor child (17). [T]hreaten my kids with DFS. Keep me from paying my bills and taking care of my children financially."

Although plaintiff asserts that she is bringing her case under 18 U.S.C. § 641, this statute, titled "Public money, property or records," does not allow for a private right of action. *See Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) ("federal criminal statutes do not provide private causes of action") (unpublished opinion) and *Conn. Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86-87 (2d Cir.1972 ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints.").

To the extent plaintiff is contesting a state-court custody decision regarding her children, such an action does not arise under the Constitution, laws, or treaties of the United States. Moreover, this Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction.  In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v.*

*Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are citizens of the same state. As a result, this case will be dismissed, without prejudice, for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of July, 2023.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE